UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PAWNEE LEASING CORPORATION,
          Plaintiff,

    v.

ALOK SHARMA,
          Defendant.

CASE NO. 25-cv-01766-TL

ORDER ON MOTION FOR ENTRY
OF DEFAULT JUDGMENT

This matter is before the Court on Plaintiff's Motion for Entry of Default Judgment. Dkt. No. 12. Defendant has not appeared or otherwise participated in this case. On June 18, 2025, the Clerk of Court entered Defendant into default. Dkt. No. 10. Having reviewed Plaintiff's motion and the relevant record, the Court GRANTS Plaintiff's motion.

## I.    BACKGROUND

This is a breach of guaranties claim (Dkt. No. 1 (Complaint) at 4)) that arises out of Plaintiff Pawnee Leasing Corporation's ("Plaintiff") two agreements extending credit to Van's Equipment Company ("Borrower"), in which Defendant Alok Sharma guaranteed the full and

ORDER ON MOTION FOR ENTRY OF DEFAULT JUDGMENT – 1

prompt payment and performance of all Borrower's obligations (*id*. ¶ 7–8). Plaintiff is a Colorado corporation authorized to do business in Washington. *Id*. ¶ 1. Plaintiff's principal place of business is Colorado. *Id*. Defendant Alok Sharma is an individual who resides in Burlington, Washington. *Id*. ¶ 2. Borrower owns and operates a dirt equipment dealership in Burlington, Washington. *Id*. ¶ 3. Plaintiff alleges that Defendant is a governor of Borrower. *Id*.

On or around April 21, 2023, Borrower and Plaintiff entered into Equipment Finance Agreement ("EFA") No. 403914 and EFA No. 403863. *Id*. ¶ 7. The EFAs consisted of Plaintiff agreeing to extend credit to Borrower for the acquisition of excavating equipment. *Id*. To induce Plaintiff to enter the EFAs with Borrower, Defendant agreed to unconditionally guarantee the full and prompt payment and performance of all of Borrower's contractual obligations to Plaintiff within both EFAs. *Id*. ¶ 8. Defendant further agreed that if Borrower defaults under the EFAs by failing to pay Plaintiff amounts owed under the EFAs, Defendant "will immediately pay in accordance with the default provisions of the [EFAs] all obligations due thereunder . . . including without limitation, attorneys' fees and costs." *Id*. (quoting Dkt. No. 12-2 (Fitzgerald Decl. and exhibits) at 6, 11)).

On May 15, 2025, Borrower defaulted under the terms of EFA 403863 because it failed to pay the outstanding obligations under the agreements with respect to collateral and previously issued invoices. *Id*. ¶ 9. On April 15, 2025, Borrower defaulted under the terms of EFA 403914 because it failed to pay the outstanding obligations under the agreements with respect to collateral and previously issued invoices. *Id*. ¶ 10. Borrower subsequently filed chapter 11 bankruptcy in United States Bankruptcy Court in this District on June 26, 2025. *Id*. ¶ 11.

On September 12, 2025, Plaintiff filed the instant civil action against Defendant, alleging breach of guaranties. Dkt. No. 1 at 4. On October 13, 2025, Plaintiff served process on Defendant. Dkt. No. 4 (Summons). Defendant has neither appeared nor answered in this case.

ORDER ON MOTION FOR ENTRY OF DEFAULT JUDGMENT – 2

Defendant has not participated in this case in any fashion. On January 9, 2026, the Clerk of Court entered Defendant into default (Dkt. No. 10), and Plaintiff was given 90 days—until April 9, 2026—to move for default judgment (Dkt. No. 11 (Minute Order)).

On January 30, 2026, Plaintiff filed the instant motion for default judgment. Dkt. No. 12. Due to the defaults, Plaintiff alleges that Defendant is obligated to pay "(a) the amount of all accrued unpaid payments and other amounts payable under EFA 403914 and EFA 403863, plus (b) the amount of all unpaid payments for the remaining term of the EFAs discounted to present value from the date due at the rate of four (4) percent per annum, plus (c) interest on any unpaid damages of twenty-four (24) percent per annum, plus (d) all costs, expenses and attorneys' fees incurred by Pawnee in enforcing its remedies." Dkt. No. 12 at 3. Plaintiff further asserts that, as of December 31, 2025, the total amount owed under EFA 403914 is $65,371.24, and the total amount owed under EFA 403863 is $73,291.72. *Id*. at 4. Additionally, Plaintiff asserts that Defendant owes it $884 in costs (*id*. at 4–5) and $8,893.60 in attorney fees (*id*.)[1]; Dkt. No. 12-1 (Schleicher Decl. and exhibits) at 7)).

On February 23, 2026, the Court issued an order requesting a supplemental declaration from Plaintiff's counsel regarding attorney fees (Dkt. No. 13 (Order Requesting Suppl. Decl.)), which Plaintiff submitted on March 9, 2026 (Dkt. No. 14).

## II.    LEGAL STANDARD

A court's decision to enter a default judgment is discretionary. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Default judgment is "ordinarily disfavored," because courts prefer to decide "cases on their merits whenever reasonably possible." *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986) (affirming district court's denial of default judgment). When

---

[1] Plaintiff's motion asserts the attorney fees are $8,893.00 but Exhibit 2 within the Schleicher Declaration gives the more precise number of $8,893.60.

ORDER ON MOTION FOR ENTRY OF DEFAULT JUDGMENT – 3

considering whether to exercise discretion in entering default judgments, courts consider a variety of factors (the "*Eitel* factors"), including:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id.* at 1471–72. "None of the factors is dispositive in itself; instead, [courts] must balance all seven." *Indian Hills Holdings, LLC v. Frye*, 572 F. Supp. 3d 872, 884 (S.D. Cal. 2021); *e.g.*, *Bd. of Trs. of San Mateo Hotel Emps. & Rest. Emps. Welfare Fund v. H. Young Enters., Inc.*, No. C08-2619, 2009 WL 1033665, at *4–5 (N.D. Cal. Apr. 13, 2009) (finding second and third *Eitel* factors dispositive when deciding to enter default judgment).

Courts reviewing motions for default judgment must accept the allegations in the complaint as true, except for those regarding facts related to the amount of damages. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). "However, necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992); *accord Little v. Edward Wolff & Assocs. LLC*, No. C21-227, 2023 WL 6196863, at *3 (W.D. Wash. Sept. 22, 2023) (quoting *Cripps*, 980 F.2d at 1267). Damages are also limited to what was reasonably pleaded. Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings.").

### III.    DISCUSSION

#### A.    Jurisdiction

As an initial matter, the Court "has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).

The Court has subject matter jurisdiction over Plaintiff's claim pursuant to 28 U.S.C. § 1332 because the Parties are diverse and the amount in controversy exceeds $75,000. Plaintiff is a Colorado corporation authorized to do business in Washington. Dkt. No. ¶ 1. Defendant is an individual who resides in Burlington, Washington. *Id*. ¶ 2.

The Court has personal jurisdiction over Defendant and venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and (2), because Defendant resides in this District and the act of default on the underlying EFAs and breach of the guaranties which gave rise to this action occurred within this District. *Id*. ¶ 6.

## B.    Default Judgment

### 1.    Factor One: Prejudice to Plaintiff

"The first *Eitel* factor considers whether the plaintiff will suffer prejudice if default judgment is not entered." *GS Holistic, LLC v. City Smoke Corp.*, No. C24-1286, 2025 WL 1345083, at *2 (W.D. Wash. May 8, 2025). Without entry of default judgment, Plaintiff will be prejudiced. Despite Plaintiff's efforts to recoup the money it alleges it is owed, including properly serving Defendant, Defendant has failed to appear or participate in this action. "Without default judgment, [Plaintiff] will suffer prejudice because it will 'be denied the right to judicial resolution' of its claim and will be 'without other recourse for recovery.'" *Id.* (quoting *Elektra Ent. Grp. Inc. v. Crawford*, 226 F.R.D. 388, 392 (C.D. Cal. 2005)).

Therefore, the first *Eitel* factor weighs in favor of entering default judgment.

### 2.    Factors Two and Three: Merits of Plaintiff's Claim and Sufficiency of Complaint

The second and third *Eitel* factors examine "the substantive merits of the plaintiff's claim and the sufficiency of the plaintiff's complaint." *Id.* In the Ninth Circuit, these factors are frequently analyzed together. *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175

(C.D. Cal. 2002) (explaining how the Ninth Circuit has suggested that the second and third *Eitel* factors require a plaintiff to state a claim on which they can recover). These factors weigh in favor of an entry of default judgment if the allegations in a complaint sufficiently state a claim upon which relief can be granted. *See Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978). Courts apply the *Iqbal-Twombly* standard, where a complaint is sufficient if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Here, taking the allegations in Plaintiff's complaint as true, Plaintiff alleges a potentially successful claim of breach of guarantee against Defendant.

"The contract of guaranty is an undertaking or promise on the part of one person which is collateral to a primary or principal obligation on the part of another, and which binds the obligor to performance in the event of nonperformance by such other, the latter being bound to perform primarily." *Robey v. Walton Lumber Co.*, 17 Wn.2d 242, 255, 135 P.2d 95 (1943) (quoting 24 Am. Jur. 873–4, § 2); *see also Kyko Global Inc. v. Prithvi Information Solutions Ltd.*, No. C13-1034, 2014 WL 12026874, at *3 (W.D. Wash. Feb. 3, 2014). As such, to prevail on a breach of guarantee claim, Plaintiff must show the breach of a valid contract, and damages proximately caused by the breach. *See SRS Distrib., Inc. v. Eastside Roofing Inc.*, No. C25-490, 2025 WL 2409966, at *2 (W.D. Wash. Aug 20, 2025) (citing *Nw. Indep. Forest Mfrs. v. Dep't of Lab. & Indus.*, 78 Wn. App. 707, 712 (1995)). Plaintiff's complaint, as well as the exhibits of the EFAs, establishes that there are valid contracts between Plaintiff and Borrower for credit in exchange for excavating equipment. Dkt. No. 1 ¶ 7; Dkt. No. 12-2 at 6–8, 10–14. The complaint and the EFAs further support the assertion that Defendant agreed to guarantee the full and prompt payment and performance of Borrower's obligations, and that Defendant would pay immediately if Borrower defaulted. Dkt. No. 1 ¶ 8; Dkt. No. 12-2 at 6, 11. As of the time of this order,

Defendant has not paid Plaintiff what is owed by Borrower. Accordingly, Plaintiff pleads sufficient facts for its breach of guaranties claim.

Therefore, the second and third *Eitel* factors weighs in favor of entering default judgment.

### 3.    Factor Four: Sum of Money at Stake

The fourth *Eitel* factor requires the Court to "consider the amount of money at stake in relation to the seriousness of [d]efendant's conduct." *PepsiCo*, 238 F. Supp. 2d at 1176. "[W]hen the sum of money at stake is tailored to the specific misconduct of the defendant, default judgment may be appropriate." *Yelp Inc. v. Catron*, 70 F. Supp. 3d 1082, 1100 (N.D. Cal. 2014). "The Court considers Plaintiff's declarations, calculations, and other documentation of damages in determining if the amount at stake is reasonable." *Marshall Wealth Mgmt. Grp., Inc. v. Santillo*, Case No. 18-3510, 2019 WL 79036, at *7 (N.D. Cal. Jan. 2, 2019) (quoting *Trung Giang Corp. v. Twinstar Tea Corp.*, Case No. C 06–03594 JSW, 2007 WL 1545173, at *12 (N.D. Cal. May 29, 2007)); *see also Bd. of Trs. of the Sheet Metal Workers Health Care Plan of N. Cal. v. Superhall Mech. Inc.*, No. C10-2212, 2011 WL 2600898, at *3 (N.D. Cal. June 30, 2011) (finding sum of money for unpaid contributions, liquidated damages, and attorney fees to be appropriate award under *Eitel* analysis, where Plaintiff had provided adequate evidence in support of damages).

In the present case, Plaintiff asserts it is owed $65,371.24 under EFA 403914 and $73,291.72 under EFA 403863. Dkt. No. 12 at 4. Additionally, Plaintiff asserts that Defendant owes it $8,893 in attorney fees and $884 in costs. *Id*. at 4–5. To support these assertions, Plaintiff provides ample evidence, including: (1) copies of both EFAs attached as exhibits (Dkt. No. 12-2 at 6–8, 10–14); (2) a copy of Borrower's chapter 11 bankruptcy proceedings (*id*. at 16–26); and (3) payoff quotations, which breaks down the money owed by category (*id*. at 28–29, 31–32);

and (4) a declaration from Plaintiff's counsel discussing the amount sought, experience of the attorneys, hourly rates, and reasonableness of hourly rates (Dkt. No. 14 ¶¶ 5–9).

Therefore, the fourth *Eitel* factor weighs in favor of entering default judgment.

### 4.    Factor Five: Possibility of Dispute of Material Facts

It is unlikely that the material facts are in dispute. "When default has been entered, courts find that there is no longer the possibility of a dispute concerning material facts because the court must take the plaintiff's factual allegations as true." *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1212 (W.D. Wash. 2014). "Where the moving party 'has supported its claims with ample evidence, and [the defaulting party] has made no attempt to challenge the accuracy of the allegations in the complaint, no factual disputes exist that preclude the entry of default judgment.'" *Jung v. Liberty Mut. Fire Ins.*, No. C22-5127, 2023 WL 3204595, at *4 (W.D. Wash. May 2, 2023) (quoting *Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 922 (C.D. Cal. 2010)). Here, Plaintiff supports its allegations with significant evidence—that which has gone unchallenged because Defendant has not appeared or otherwise participated in this matter.

Therefore, the fifth *Eitel* factor weighs in favor of entering default judgment.

### 5.    Factor Six: Whether Default is Due to Excusable Neglect

The sixth *Eitel* factor considers whether Defendant's default can be attributed to excusable neglect. "There is little possibility of excusable neglect when the plaintiff properly serves the defendant and the defendant is aware of the litigation." *Mesa Underwriters Specialty Ins. Co. v. Hulett*, No. C21-8284, 2022 WL 17218505, at *6 (C.D. Cal. Oct. 26, 2022). Here, Plaintiff filed an affidavit confirming that Defendant was served with a summons on October 13, 2025. Dkt. No. 4. The affidavit attests that when issuing service, Plaintiff served a "resident of

suitable age and discretion and co-resident, who confirmed that they both reside here, as directed by client." *Id*. at 1.

Therefore, the sixth *Eitel* factor weighs in favor of entering default judgment.

### 6. Factor Seven: Strong Policy in Favor of Decision on the Merits

The Court maintains a strong policy preference in favor of resolution of Plaintiff's claims on the merits. Whenever it is reasonably possible, courts should decide cases upon their merits. *See Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985). But "this preference, standing alone, is not dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177. Federal Rule of Civil Procedure 55(a) "allows a court to decide a case before the merits are heard if defendant fails to appear and defend." *Landstar Ranger*, 725 F. Supp. 2d at 922. Here, Defendant has not appeared and has not participated in this case, let alone defended himself, in any way.

Therefore, "[s]ince [D]efendant failed to respond to [P]laintiff's claims, the seventh *Eitel* factor does not preclude the entry of default judgment against it." *Landstar Ranger*, 725 F. Supp. 2d at 922.

Accordingly, all *Eitel* factors weigh in favor of default judgment; therefore, the Court finds that entry of default judgment is warranted.

## C. Damages

Under Federal Rule of Civil Procedure 54(c), "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Further, Plaintiff "is required to present evidence to 'prove up' the damages that [s]he is seeking." *Olive v. Robinson*, No. C20-356, 2023 WL 346622, at *7 (W.D. Wash. Jan. 20, 2023) (first citing *Amini Innovation Corp. v. KTY Int'l Mktg.*, 768 F. Supp. 2d 1049, 1053–54 (C.D. Cal. 2011), then citing Fed. R. Civ. P. 55(b), then citing LCR 55(b)(2)). "Plaintiff must support a motion for default judgment

with a declaration and other evidence establishing plaintiff's entitlement to a sum certain and to any nonmonetary relief sought." LCR 55(b)(2). The Local Civil Rule provides that:

> Plaintiff shall provide a concise explanation of how all amounts were calculated, and shall support this explanation with evidence establishing the entitlement to and amount of the principal claim, and, if applicable, any liquidated damages, interest, attorney's fees, or other amounts sought. If the claim is based on a contract, plaintiff shall provide the court with a copy of the contract and cite the relevant provisions.

LCR 55(b)(2)(A).

Plaintiff seeks $151,266.83 in total damages. Dkt. No. 12 at 4–5; Dkt. No. 12-3 (Proposed Judgment) at 2. This sum represents:

- $65,371.24 stemming from EFA 403914, as well as $1,332.38 in interest;

- $73,291.72 stemming from EFA 403863, as well as $1,493.89 in interest; and

- $9,777.60 in attorney fees and costs incurred.

*Id.* The Court will discuss these line items in turn.

**1.      Equipment Finance Agreements No. 403914 and 403863 and Interest**

To arrive at the EPA dollar amounts, Plaintiff provides a concise explanation for how much it is owed under each EPA, as well as a breakdown of the dollar amount for every category of money owed, which includes various fees, charges, and taxes. *See* Dkt. No. 12 at 4. Plaintiff supports these assertions with exhibit copies of the payoff quotations, which also show the exact dollar amounts for each category, specifically a total of $65,371.24 for EPA No. 403914 and a total of $73,291.72 for EPA 403863. *See* Dkt. No. 12-2 at 28–29, 31–32.

Additionally, Plaintiff requests prejudgment interest of twenty-four (24) percent annum be added to the EPAs. Dkt. No. 12 at 4. The Local Civil Rules provide "[i]f plaintiff is seeking interest and claims that an interest rate other than that provided by 28 U.S.C. § 1961 applies, plaintiff shall state the rate and the reasons for applying it." LCR 55(b)(2)(B). To support the

assertion that interest is owed at the rate requested, Plaintiff provides a copy of both EPA contracts, which each state that an agreement was made for an interest rate of twenty-four (24) percent annum. *See* Dkt. No. 12-2 at 7, 12. The contract shows Defendant's signature agreeing to the terms. *Id*. at 6, 11. Plaintiff asserts that the interest owed amounts to $1,332.38 for EFA 403914 from December 31, 2025, through January 30, 2026, and $1,493.89 for EFA 403863 from December 31, 2025, through January 30, 2026. Dkt. No. 12-3 at 2.

Therefore, the Court GRANTS Plaintiff's request for $141,489.23 in principal and pre-judgment interest.

### 2. Attorney Fees and Costs

To support its request for attorney fees and costs, Plaintiff's counsel filed a declaration with exhibits and a supplemental declaration with exhibits. *See* Dkt. No. 12-1; Dkt No. 14. The declarations and exhibits establish: (1) all attorneys' and paralegal qualifications and experience (Dkt. No. 14 ¶¶ 6–9); (2) the hourly rate, hours billed, and dollar amount billed for all attorneys on the case (*id*. ¶ 5); (3) support for why the hourly rates and hours billed are reasonable (*id*. ¶¶ 4, 10–11); and (4) detailed records of the services provided, with the date and hours billed for those services (Dkt. No. 12-1 at 8–9). Counsel's supplemental declaration provides case examples from this District (*see* Dkt. No. 14 ¶ 12) and Washington State Courts (*see id*. at 6–12, 14–16) of similar attorney fee rates that were awarded, establishing that the rates Plaintiff's counsel assert are reasonable in this District for the novelty and difficulty of this case. As such, the Court agrees that the $554 hourly rate for Tara Schleicher, $460 hourly rate for Maggie Sholian, and $345 for William Kenick, and $345 for Wendy Foster are all reasonable. *See e.g. Knudsen v. Hightower Holdings, LLC*, No. C24-395, 2024 WL 3430994, at *3 (W.D. Wash. July 16, 2024) (finding reasonable hourly rates of $850 for two attorneys with 32 and 20 years of experience; $755 for attorney with 16 years of experience; $685 for attorney with nine years of

experience; and $625 for attorney with six years of experience); *Koonwaiyou v. Blinken*, 724 F. Supp. 3d 1222, 1236 (W.D. Wash. 2024) (finding reasonable hourly rates of $850 and $450 for attorneys with 24 and six years of experience); *see also* Dkt. No. 14 at 14 (exhibit copy of King County Superior Court action, *Grant v. Pharmacia LLC*, No. C21-2-14304-7, where the court found that the $350 hourly rate for a paralegal was reasonable).

Therefore, the Court GRANTS Plaintiff's request for $9,777.60 in attorney fees and costs.

### IV.   CONCLUSION

Accordingly, Plaintiff's Motion for Default Judgment (Dkt. No. 12) is GRANTED. It is hereby ORDERED:

(1)   Judgment is ENTERED as to all claims.

(2)   Plaintiff is AWARDED $151,266.83 arising from Defendant's breach of guarantee. This total includes:

    **(a)**   $65,371.24 from Equipment Finance Agreement No. 403914;

    **(b)**   $1,332.38 in interest from Equipment Finance Agreement No. 403914 from December 31, 2025, through January 30, 2026;

    **(c)**   $73,291.72 from Equipment Finance Agreement No. 403863;

    **(d)**   $1,493.89 in interest from Equipment Finance Agreement No. 403863 from December 31, 2025, through January 30, 2026; and

    **(e)**   $9,777.60 in attorney fees and costs.

Dated this 17th day of March, 2026.

Tana Lin
United States District Judge

ORDER ON MOTION FOR ENTRY OF DEFAULT JUDGMENT – 12